UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DARIUS ISHUN GREEN,

Plaintiff,

v.  6:14-cv-46

BRAD HOOKS,
JOHN BROWN,
TORIE GRUBBS,
CHARLES CALHOUN,
BRAD WESTBERRY,
JOHN JORDAN,
WAYNE COOKE,
CHRISTOPHER GAY,
MARK SMITH,
TERRY CALHOUN,
JERMAINE CALHOUN,
CYNTHIA CALHOUN,
JETTIE CALHOUN,
SHAWN CALHOUN,
BENJAMIN MOURAD,
BASAHAN MCINTOSH, and
JOHN DOE

Defendants.

## ORDER

Before the Court are three motions to dismiss. The first was filed by Cynthia Calhoun, Jettie Calhoun, Shawn Calhoun, Christopher Gay, Basahan McIntosh, and Brad Westberry. ECF No. 39. The second was filed by John Jordan and Charles Calhoun. ECF No. 41. The third was filed by Benjamin Mourad. ECF No. 43. These motions raise the same points of law and incorporate each other by reference; therefore, the Court will evaluate them together. The following order applies only to those defendants mentioned above (collectively, "Defendants").

For the reasons set forth below, the Court *DENIES IN PART* and *GRANTS IN PART* the motions to dismiss.

## I. BACKGROUND

Darius Green was sexually assaulted while incarcerated in Rogers State Prison. 6:14-cv-103-BAE-GRS, ECF No. 1 at 2 (hereinafter "the Complaint").[1] The attacker was a fellow prisoner, Ricard. *Id.* at 3. The Defendants placed Green in a cell with Ricard, and they "knew Ricard would sexually assault Green." *See id.* at 3-14.

Green filed this action against various prison officials, arguing that they "condoned" the assault. *Id.* at 3-14. The Complaint alleges several counts against the Defendants: first, that the Defendants violated Green's constitutional rights under the Eighth and Fourteenth Amendment (Count I); second, that those defendants who were supervisors are liable for condoning the assault (Count II); third, that the Defendants conspired to harm Green (Count III); and, fourth, that the Defendants failed to intervene to prevent the assault (Count IV). *See id.* at 18-24.

## III. ANALYSIS

### A. Service of Process

The Defendants first argue that Green failed to effect proper service of process upon them. ECF Nos. 39-1 at 3-4; 41-1 at 2-

---

[1] This case represents the consolidation of two cases, 6:14-cv-103-BAE-GRS and 6:14-cv-46-BAE-GRS. Since the latter case survived the consolidation, all citations are to the latter record unless otherwise indicated.

3. In support of this argument, each defendant submitted an affidavit, claiming that he or she received a copy of the complaint but not the summons itself. *See* ECF Nos. 39-2 (Jettie Calhoun); 39-3 (Shaun Calhoun); 39-4 (Gay); 39-5 (McIntosh); 39-6 (Westberry); 39-7 (Cynthia Calhoun); 41-2 (Jordan); 41-3 (Charles Calhoun); 43-2 (Mourad).

A defendant must be provided with a summons and a copy of the complaint. *See* Fed. R. Civ. P. 4(c)(1). "Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

Here, the Defendants acknowledge that they received the complaint. *See* ECF Nos. 39-1 at 4; 41-1 at 3; 43-1 at 3. Their argument is that they received only the complaint and not the summons. But the servers' sworn testimony belies these claims. After each of the Defendants was served, the server provided the Court a "return of service" that includes a sworn statement by the server that he provided both the complaint *and* the summons. *See* 6:14-cv-103-BAE-GRS, ECF Nos. 7 (Charles Calhoun); 8 (Cynthia Calhoun); 9 (McIntosh); 10 (Gay); 11 (Jordan); 12 (Jettie Calhoun); 13 (Shaun Calhoun); 15 (Mourad); 16 (Westberry). The returns also display the Defendants' signatures, *see id.*, though their presence is not itself dispositive.[2] Although not entitled "affidavit," the Court gives these returns the same weight as if they were because they complied with the requirements of 28 U.S.C. § 1746. *See Udoinyion v. The Guardian Sec.*, 440 F. App'x 731, 735 (11th Cir. 2011) ("An unsworn written declaration may be used as evidence if the writer includes and signs a statement such as, 'I declare under penalty of perjury that the foregoing is true and correct.'" (citing 28 U.S.C. § 1746)).

Under Rule 4(l)(1), service may be proved "by the server's affidavit." Fed. R. Civ. P. 4(l)(1). The Court finds that the server's sworn statements have sufficient language to be considered affidavits under Rule 4(l)(1). Therefore, the Court finds that Green properly served the Defendants.[3]

### B. Rule 12(b)(6)

The bulk of the Defendants' Motions to Dismiss concerns their argument that Green has failed to state a claim for relief. Under Rule 12(b)(6), a pleading that fails to state a claim for relief must be dismissed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

#### 1. Standard of Review

In considering a Federal Rule of Civil Procedure 12(b)(6) motion, all facts in the plaintiff's complaint "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *GSW, Inc. v. Long Cnty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court, however, is not limited to the four corners of the pleadings; rather a proper review of a motion to dismiss "requires the reviewing court to draw on its judicial

---

[2] One copy of the served summons does not contain a signature. *See* 6:14-cv-103-BAE-GRS, ECF No. 16 (Westberry's Summons).

[3] Green requested a hearing to allow evidence and argument on the issue of whether the Defendants were properly served. ECF No. 50. Because the Court rules that service was sufficient, Green's request is denied as unnecessary.

2

experience and common sense." *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint will not be dismissed so long as it contains factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678 (claim must have "facial plausibility"); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). Yet, "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original).

In *Iqbal*, the Supreme Court further explained the required level of specificity:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

556 U.S. at 678 (internal citation and quotation omitted).

In order to assess the plausibility of a complaint, a court must be mindful of two principles. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Thus, *Iqbal* suggests a "two-pronged approach" to assessing a defendant's Rule 12(b)(6) motion: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679)). Importantly, however, the "plausibility standard is not akin to a 'probability requirement' at the pleading stage." *Id.* at 1289 (quoting *Iqbal*, 556 U.S. at 678). Instead, it "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements" of a plaintiff's claim for relief. *See McCray v. Potter*, 263 F. App'x 771, 773 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

"Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002) (quotation marks omitted).

### 2. Count I: Constitutional Violations

Green alleges that the Defendants violated the Eighth and Fourteenth Amendments by "condoning and promoting unsafe prison conditions," which led to the assault. Complaint at 18-20.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To succeed on a claim of

3

failing to protect, a plaintiff "must plead facts that establish '(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" *Losey v. Warden*, 521 F. App'x 717, 719 (11th Cir. 2013) (quoting *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995)); *see also Spires v. Paul*, 581 F. App'x 786, 792 (11th Cir. 2014) ("To state an Eighth Amendment claim under § 1983, a prisoner must allege an extreme condition that poses an unreasonable risk of serious damage to the prisoner's future health or safety, and that the defendants acted with deliberate indifference to that risk."). A prison official shows deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Here, the Complaint alleges that the Defendants placed Green in a position with a substantial risk of serious harm. Complaint at 19. The Complaint alleges that, by placing Ricard in Green's cell, the Defendants acted with deliberate indifference to this risk. *Id.* Finally, the Complaint alleges causation—i.e., that the Defendants' act of placing Ricard in the cell led directly to Green's harm. *Id.* These allegations are repeated for each of the Defendants, arguing that each saw Ricard in Green's cell, that each knew Ricard was not supposed to be there, and that each "knew that Ricard would sexually assault Green." *See* Complaint at 3. The Court accepts, as it must, that these factual allegations are true. *See Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in appellant's complaint and all reasonable inferences therefrom are taken as true.").

Green's allegations are sufficient to establish deliberate indifference by the Defendants. If the Defendants knew that Ricard would sexually assault Green and permitted him to remain in the cell, they "disregard[ed] an excessive risk to [Green's] health or safety." *See Farmer*, 511 U.S. at 837. The Complaint alleges that Ricard was a known rapist and that each of the Defendants knew this. Complaint at 16. In short, it alleges that the Defendants were aware of facts from which the inference of risk could be drawn and that they drew the inference. *See id.* Whether Green can support these allegations with evidence is unknown; however, the Court finds that the Complaint has set out sufficient facts to survive the Defendants' motion to dismiss.

The Defendants argue that Green's allegations are conclusory. ECF No. 39-1 at 11. They are not. Green alleges that the Defendants acted with deliberate indifference and then supports that allegation with factual assertions of the Defendants' knowledge. Because the "[C]ourt's review on a motion to dismiss is 'limited to the four corners of the complaint,'" *see Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002), the factual assertions that the Defendants had subjective knowledge of the risk that Ricard would sexually assault Green are sufficient to support the allegation that the Defendants violated Green's constitutional rights.

4

Therefore, the Court denies the Defendants' motion to dismiss Count I.

### 3. Count IV: Failure to Intervene

Green also alleges that the Defendants are liable for failing to intervene to stop the assault. Complaint at 24. The Defendants seek the dismissal of this claim, ECF No. 39-1, but Green argues that the Defendants waived the right to oppose Count IV by failing to address it separately, ECF No. 63 at 8.

As an initial matter, the Court agrees with the Defendants that Count IV is nearly identical to Count I. The Complaint does not distinguish between these Counts, and the factual allegations supporting them are identical. The Defendants argued as much in their motions. *See* ECF No. 39-1 at 10. As a result, because Counts I and IV are essentially the same claim, the Court finds that the Defendants did not fail to address Count IV in their motions to dismiss.[4]

In any case, the Complaint does not allege facts sufficient for a separate failure-to-intervene claim. "[I]t is clear that [i]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998) (second alteration in original) (quotation marks omitted). But Eleventh Circuit has declined to expand this sort of claim: "While it is well settled that *Ensley* applies to situations where one officer observes a fellow officer violating a constitutional right, typically by using excessive force, we have not explicitly adopted this holding in a situation involving an officer observing a fight between inmates." *Johnson v. Boyd*, 568 F. App'x 719, 722 n. 2 (11th Cir. 2014) (affirming the district court's dismissal of a complaint for "failure to intervene" in a prisoner fight). Green's claim that the Defendants failed to intervene is not supported by existing law, because a failure to intervene claim does not apply to a prison official's failure to intervene in an altercation between prisoners. *See id.*

Therefore, because the Complaint does not allege a cause of action recognized by this Circuit, the Court dismisses Count IV.

### 4. Count III: Conspiracy

The complaint also lists a claim for "civil conspiracy," alleging that the Defendants conspired to violate Green's constitutional rights. ECF No. 1 at 22-23.

"A plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010). A conspiracy "requires the combination of two or more persons acting in concert," and "[a] plaintiff must allege,

---

[4] The authority Green provides to support the argument that the Defendants waived their right to have Count IV dismissed is inapposite. In the case cited, the Eleventh Circuit discussed the waiver of an affirmative defense when a party filed "a second pre-answer motion to dismiss." *Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002). Neither characteristic is shared with this case: no defendant has filed a second motion to dismiss, and the only affirmative defense at issue here (qualified immunity) was indisputably raised in the Defendants' answer.

5

either by direct or circumstantial evidence, a meeting of the minds or agreement among the defendants." *See Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994) (quotations omitted). In alleging conspiracy, "the linchpin . . . is agreement." *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty. Fla.*, 956 F.2d 1112, 1122 (11th Cir. 1992). "It is not enough to simply aver that a conspiracy existed. A plaintiff must instead show that the parties reached an understanding to deny the plaintiff his rights." *Fulwood v. Fed. Bureau of Prisons*, 568 F. App'x 753, 756 (11th Cir. 2014) (citation omitted). When a "plaintiff fail[s] to allege specific facts showing agreement and concerted action among defendants," courts properly dismiss conspiracy claims. *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989).

Although Green has provided minimal allegations of a conspiracy, they are sufficient to survive a motion to dismiss. Green alleges that the Defendants "agreed" with one another to place Ricard in Green's cell. Complaint at 16-17. This agreement was made "with all other Defendants." *Id.* Green also provides circumstantial allegations, arguing that "there is no way" that the assault could have occurred absent a conspiracy. *Id.* at 22. Therefore, Green has sufficiently alleged the existence of a conspiracy.

The Defendants argue that the intracorporate conspiracy doctrine bars Green's claim for conspiracy. ECF No. 52 at 13-14. "[U]nder the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000). This is because, "under basic agency principles, the acts of a corporation's agents are considered to be those of a single legal actor." *Id.* The doctrine also applies to public entities. *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001). Naturally, since the doctrine necessarily involves only conspirators within one organization, the presence of outside parties prevents its application. *Cf. id.* at 1191 (affirming the application of the intracorporate conspiracy doctrine when "no outsiders are alleged to be involved").

The Defendants are all employees of the Rogers State Prison. But the Complaint does not limit its allegation of conspiracy to the Defendants: Ricard is also alleged to have been a fellow conspirator. *See* Complaint at 23. According to the Complaint, Torie Grubbs "conspired with Green's sexual assailant and Hon Doe [sic] to have Green placed in a cell with the person . . . [they] knew would sexually assault Green again." *Id.* Including a non-official in a § 1983 action is permissible, *Motes v. Myers*, 810 F.2d 1055, 1058 (11th Cir. 1987) ("[A] private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment."), but this inclusion means that the intracorporate conspiracy doctrine does not apply. Since Ricard is alleged to have been a member of the conspiracy, dismissal under the intracorporate conspiracy doctrine would be inappropriate at this stage.

6

Therefore, the Court denies the Defendants' motions to dismiss Count III.

### C. Qualified Immunity

In addition to opposing Green's Complaint on its face, the Defendants have raised the affirmative defense of qualified immunity to Green's claims. ECF No. 39-1 at 14-16. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

"The defense of qualified immunity may be raised and addressed on a motion to dismiss and will be granted if the 'complaint fails to allege the violation of a clearly established constitutional right.'" *Snider v. Jefferson State Cmty. Coll.*, 344 F.3d 1325, 1327 (11th Cir. 2003) (quoting *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001) (quotation omitted)).

> Once the affirmative defense of qualified immunity is advanced . . . [u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.' Absent such allegations, '[i]t is . . . appropriate for a district court to grant the defense of qualified immunity at the motion to dismiss stage.' Thus, if the defendants in this case are entitled to qualified immunity, then their Rule 12(b)(6) motion to dismiss must be granted and the plaintiffs' suit must be dismissed.

*Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003) (alterations in original) (citations omitted). "To receive qualified immunity, a government official first must prove that he was acting within his discretionary authority." *Id.* If this is established, the burden next "shifts to the plaintiff to show that the defendant is not entitled to qualified immunity." *Id.* at 1358.

Determining whether a defendant is entitled to qualified immunity requires a two-step process. First, the court must determine whether the complaint "make[s] out a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Second, "the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* "Defendants are entitled to qualified immunity in a Rule 12(b)(6) motion to dismiss only if the complaint fails to allege facts that would show a violation of a clearly established constitutional right." *Kyle K. v. Chapman*, 208 F.3d 940, 942 (11th Cir. 2000).

The Defendants assert, and Green does not dispute, that they were acting within their discretionary authority at the time of the assault. ECF No. 39-1 at 14. The Court agrees, since by placing prisoners in cells the Defendants were "performing a legitimate job-related function . . . through means that were within [their] power to utilize." *See Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004). Thus, the burden shifts onto Green to, first, make out a violation of a constitutional right and, second, demonstrate that the right was clearly established at the time of the alleged violation. *See Pearson*, 555 U.S. at 232.

Green alleges that the Defendants violated the Eighth and Fourteenth Amendments to the United States

Constitution when they permitted Ricard to be in the cell, even though they knew that Ricard would assault Green. Complaint at 19. The Complaint's allegations therefore satisfy the first step in denying the Defendants qualified immunity. *See Cotton*, 326 at 1357.

Second, Green has demonstrated that the right of a prisoner to be protected by prison officials from sexual assault by other prisoners is clearly established. To determine whether a right was clearly established, the Court looks to the decisions of the Supreme Court, the Eleventh Circuit, and the Supreme Court of Georgia. *See Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014). The Supreme Court has made clear, in a case involving the sexual assault of a prisoner, that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (alteration in original) (quotation omitted). It is clearly established that "[b]eing violently assaulted in prison" is not a legitimate part of a prisoner's punishment. *See id.* at 834. Thus, when prison officials are deliberately indifferent to violent assaults, they violate a clearly established right.

The Complaint alleges that the Defendants, while acting within their discretionary authority, violated a clearly established constitutional right. Therefore, given that the Court must take the facts in the Complaint as true, the Defendants are not entitled to qualified immunity at this stage.

### 1. Count II: Supervisory Liability

Green also lists a claim for supervisory liability against some of the Defendants (Hooks, Brown, Grubbs, Jordan, Cook, Gay, Smith, and McIntosh). ECF No. 1 at 17; Complaint at 20. The majority of these defendants do not move to dismiss Count II; only defendants Gay and McIntosh move to dismiss it, and they seek to dismiss it only on the basis of qualified immunity. *See* ECF No. 39-1 at 16.

Supervisory officials cannot be held liable under § 1983 on the basis of respondeat superior or vicarious liability. *Cottone*, 326 F.3d at 1360. Supervisors can, however, "be held liable for their subordinates' constitutional violations on the basis of supervisory liability." *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007). "[A] supervisor [can] be held responsible under 42 U.S.C. § 1983 for constitutional violations committed by subordinates if the supervisor personally participated in the constitutional violation or if there was a causal connection between the supervisor's actions and the alleged constitutional deprivation." *Williams v. Santana*, 340 F. App'x 614, 617 (11th Cir. 2009) (citing *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)). A prisoner can establish the necessary causal connection by alleging that "a 'history of widespread abuse' put[] the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fail[ed] to do so." *Mathews*, 480 F.3d at 1270 (citing *Cottone*, 326 F.3d at 1360).

Here, there are no allegations that widespread abuse was occurring within the prison. Instead, the Complaint alleges only that Gay and McIntosh personally

8

participated in the constitutional violation. Complaint at 21 ("Defendants named in this Count are potentially liable under this Count because they directly participated in the alleged constitutional violation"). Therefore, since Count II is based upon the same factual allegations as the other counts, Gay and McIntosh's claim of qualified immunity under Count II is governed by the Court's previous analysis of qualified immunity. As the Court discussed above, none of the Defendants are currently entitled to qualified immunity because the Complaint alleges that they violated a clearly established constitutional right.

Therefore, Gay and McIntosh are not entitled to qualified immunity for Count II.

### IV. CONCLUSION

This case has been complicated by overlapping counts for relief, by the consolidation of two civil actions into one, and by the filing of numerous overlapping motions to dismiss. Therefore, in conclusion, the Court takes the opportunity to clarify the status of the litigation thus far.

In the two complaints, Green sued sixteen named defendants: Brad Hooks, John Brown, Torie Grubbs, Charles Calhoun, Brad Westberry, John Jordan, Wayne Cook, Christopher Gay, Mark Smith, Terry Calhoun, Jermaine Calhoun, Cynthia Calhoun, Jettie Calhoun, Shawn Calhoun, Benjamin Mourad, and Basahan McIntosh.

Defendants Hooks, Brown, Grubbs, Terry Calhoun, Jermaine Calhoun, Shawn Calhoun, and Cook have filed no motions to dismiss. Therefore, no portion of the Complaint is dismissed for those defendants. Defendant Smith filed a Motion to Dismiss on January 2, 2015, ECF No. 66, which has been referred to the Magistrate Judge.

In this order, the Court **GRANTED** the Defendants' motions to dismiss, ECF Nos. 39, 41, 43, with regard to Count IV. Therefore, Count IV is dismissed with regard to Cynthia Calhoun, Jettie Calhoun, Shawn Calhoun, Christopher Gay, Basahan McIntosh, Brad Westberry, John Jordan, Charles Calhoun, and Benjamin Mourad.

The Court **DENIED** the Defendants' motions to dismiss, ECF Nos. 39, 41, 43, with regard to Counts I, II, and III. Therefore, those counts remain.

Finally, because the Court found that service of process upon the objecting defendants was proper, the Court **DENIES** Green's motion for a hearing as unnecessary, ECF No. 50.

This 6 day of January 2015.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA