UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DARIUS ISHUN GREEN,

**Plaintiff,**

v.                                    6:14-cv-46

BRAD HOOKS,
JOHN BROWN,
TORIE GRUBBS,
CHARLES CALHOUN,
BRAD WESTBERRY,
JOHN JORDAN,
WAYNE COOKE,
CHRISTOPHER GAY,
MARK SMITH,
TERRY CALHOUN,
JERMAINE CALHOUN,
CYNTHIA CALHOUN,
JETTIE CALHOUN,
SHAWN CALHOUN,
BENJAMIN MOURAD,
BASAHAN MCINTOSH, and
JOHN DOE,

**Defendants.**

## ORDER

Before the Court are three Motions to Dismiss: Mark Smith's Motion to Dismiss, ECF No. 66, Terry Calhoun's and Jermaine Calhoun's Motion to Dismiss, ECF No. 70, and Wayne Cook's Partial Motion to Dismiss, ECF no. 76. For the reasons set forth below, the Court *DENIES IN PART* and *GRANTS IN PART* the motions.

## I. BACKGROUND

The facts here are the same as in the Court's previous order. *See* ECF No. 68 at 1.[1] Darius Green filed this action against various prison officials, arguing that they "condoned" Darryl Ricard's sexual assault of Green. *Id.* The complaint alleges several counts against the defendants: first, that the defendants violated Green's constitutional rights under the Eighth and Fourteenth Amendment (Count I); second, that those defendants who were supervisors (including Smith) are liable for condoning the assault (Count II); third, that the defendants conspired to harm Green (Count III); and, fourth, that the defendants failed to intervene to prevent the assault (Count IV). *See* 6:14-cv-103-BAE-GRS, ECF No. 1 at 18-24.

## II. SMITH'S MOTION TO DISMISS

### A. Service of Process

Smith first argues that Green failed to effect proper service of process upon him. ECF No. 66-1 at 2. In support of this argument, Smith submitted two identical affidavits, one of which he signed, claiming that he did not receive the summons itself. *See* ECF Nos. 66-1, 69.

A defendant must be provided with a summons and a copy of the complaint. *See* Fed. R. Civ. P. 4(c)(1). "Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

Here, Smith acknowledges that he received the complaint. *See* ECF No. 66-1 at 3. His argument is that he received only

---

[1] This case represents the consolidation of two cases, 6:14-cv-103-BAE-GRS and 6:14-cv-46-BAE-GRS. Since the latter case survived the consolidation, all citations are to the latter record unless otherwise indicated.

the complaint and not the summons. But the server's sworn testimony belies his claim. After Smith was served, the server provided the Court a "return of service" that includes a sworn statement by the server that he provided both the complaint *and* the summons. ECF No. 60 at 1. The return also displays Smith's signature, *see id.*, though its presence is not itself dispositive. Although not entitled "affidavit," the Court gives this return the same weight as if it had been because it complies with the requirements of 28 U.S.C. § 1746. *See Udoinyion v. The Guardian Sec.*, 440 F. App'x 731, 735 (11th Cir. 2011) ("An unsworn written declaration may be used as evidence if the writer includes and signs a statement such as, 'I declare under penalty of perjury that the foregoing is true and correct.'" (citing 28 U.S.C. § 1746)).

Under Rule 4(l)(1), service may be proved "by the server's affidavit." Fed. R. Civ. P. 4(l)(1). The Court finds that the server's sworn statements have sufficient language to be considered an affidavit under Rule 4(l)(1). Therefore, the Court finds that Green properly served Smith.

### B. Rule 12(b)(6)

Smith also argues that Green has failed to state a claim for relief. Under Rule 12(b)(6), a pleading that fails to state a claim for relief must be dismissed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

#### 1. Standard of Review

In considering a Federal Rule of Civil Procedure 12(b)(6) motion, all facts in the plaintiff's complaint "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *GSW, Inc. v. Long Cnty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court, however, is not limited to the four corners of the pleadings; rather a proper review of a motion to dismiss "requires the reviewing court to draw on its judicial experience and common sense." *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint will not be dismissed so long as it contains factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678 (claim must have "facial plausibility"); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). Yet, "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original).

In *Iqbal*, the Supreme Court further explained the required level of specificity:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

556 U.S. at 678 (internal citation and quotation omitted).

In order to assess the plausibility of a complaint, a court must be mindful of two

2

principles. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Thus, *Iqbal* suggests a "two-pronged approach" to assessing a defendant's Rule 12(b)(6) motion: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679)). Importantly, however, the "plausibility standard is not akin to a 'probability requirement' at the pleading stage." *Id.* at 1289 (quoting *Iqbal*, 556 U.S. at 678). Instead, it "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements" of a plaintiff's claim for relief. *See McCray v. Potter*, 263 F. App'x 771, 773 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

"Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002) (quotation marks omitted).

### 2. Count I: Constitutional Violations

Green alleges that Smith violated the Eighth and Fourteenth Amendments by "condoning and promoting unsafe prison conditions," which led to the assault by Darryl Ricard. 6:14-cv-103-BAE-GRS, ECF No. 1 at 18-20.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To succeed on a claim of failing to protect, a plaintiff "must plead facts that establish '(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" *Losey v. Warden*, 521 F. App'x 717, 719 (11th Cir. 2013) (quoting *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995)); *see also Spires v. Paul*, 581 F. App'x 786, 792 (11th Cir. 2014) ("To state an Eighth Amendment claim under § 1983, a prisoner must allege an extreme condition that poses an unreasonable risk of serious damage to the prisoner's future health or safety, and that the defendants acted with deliberate indifference to that risk."). A prison official shows deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Here, the Complaint alleges that Smith placed Green in a position with a substantial risk of serious harm. Complaint at 19. The Complaint alleges that, by placing Ricard in Green's cell, Smith acted with deliberate indifference to this risk. *Id.* Finally, the Complaint alleges causation—i.e., that Smith's act of placing Ricard in the cell led directly to Green's harm. *Id.* The Complaint alleges that Smith saw Ricard in

Green's cell, that he knew Ricard was not supposed to be there, and he "knew that Ricard would sexually assault Green." *See* 6:14-cv-103-BAE-GRS, ECF No. 1 at 13. The Court accepts, as it must, that these factual allegations are true. *See Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in appellant's complaint and all reasonable inferences therefrom are taken as true.").

Green's allegations are sufficient to establish deliberate indifference by Smith. If Smith knew that Ricard would sexually assault Green and permitted him to remain in Green's cell, he "disregard[ed] an excessive risk to [Green's] health or safety." *See Farmer*, 511 U.S. at 837. The Complaint alleges that Ricard was a known rapist and that each of the defendants knew this. 6:14-cv-103-BAE-GRS, ECF No. 1 at at 16. In short, it alleges that Smith was aware of facts from which the inference of risk could be drawn and that he drew the inference. *See id.* Whether Green can support these allegations with evidence is unknown; however, the Court finds that the Complaint has set out sufficient facts to survive Smith's motion to dismiss.

Smith argues that Green's allegations are conclusory. ECF No. 66-1 at 4. They are not. Green alleges that Smith acted with deliberate indifference and then supports that allegation with factual assertions of Smith's knowledge. Because the "[C]ourt's review on a motion to dismiss is 'limited to the four corners of the complaint,'" *see Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002), the factual assertions that Smith had subjective knowledge of the risk that Ricard would sexually assault Green are sufficient to support the allegation that Smith violated Green's constitutional rights.

Therefore, the Court denies Smith's Motion to Dismiss as to Count I.

### 3. Count IV: Failure to Intervene

Green also alleges that Smith is liable for failing to intervene to stop the assault. 6:14-cv-103-BAE-GRS, ECF No. 1 at 24. Smith seeks the dismissal of this claim, ECF No. 66-1 at 5.

The complaint does not allege facts sufficient for a failure-to-intervene claim. "[I]t is clear that [i]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998) (second alteration in original) (quotation marks omitted). But Eleventh Circuit has declined to expand this sort of claim: "While it is well settled that *Ensley* applies to situations where one officer observes a fellow officer violating a constitutional right, typically by using excessive force, we have not explicitly adopted this holding in a situation involving an officer observing a fight between inmates." *Johnson v. Boyd*, 568 F. App'x 719, 722 n. 2 (11th Cir. 2014) (affirming the district court's dismissal of a complaint for "failure to intervene" in a prisoner fight). Green's claim that Smith failed to intervene is not supported by existing law, because a failure to intervene claim does not apply to a

4

prison official's failure to intervene in an altercation between prisoners. *See id.*

Therefore, because the Complaint does not allege a cause of action recognized by this Circuit, the Court dismisses Count IV as to Smith.

### 4. Count III: Conspiracy

The complaint also lists a claim for "civil conspiracy," alleging that Smith conspired to violate Green's constitutional rights. 6:14-cv-103-BAE-GRS, ECF No. 1 at 22-23.

"A plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010). A conspiracy "requires the combination of two or more persons acting in concert," and "[a] plaintiff must allege, either by direct or circumstantial evidence, a meeting of the minds or agreement among the defendants." *See Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994) (quotations omitted). In alleging conspiracy, "the linchpin . . . is agreement." *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty. Fla.*, 956 F.2d 1112, 1122 (11th Cir. 1992). "It is not enough to simply aver that a conspiracy existed. A plaintiff must instead show that the parties reached an understanding to deny the plaintiff his rights." *Fulwood v. Fed. Bureau of Prisons*, 568 F. App'x 753, 756 (11th Cir. 2014) (citation omitted). When a "plaintiff fail[s] to allege specific facts showing agreement and concerted action among defendants," courts properly dismiss conspiracy claims. *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989).

Although Green has provided minimal allegations of a conspiracy, they are sufficient to survive a motion to dismiss. Green alleges that Smith "agreed" with other defendants to place Ricard in Green's cell. 6:14-cv-103-BAE-GRS, ECF No. 1 at 14, 17. This agreement was made "with all other Defendants." *Id.* at 17. Green also provides circumstantial allegations, arguing that "there is no way" that the assault could have occurred absent a conspiracy. *Id.* at 22. Therefore, Green has sufficiently alleged the existence of a conspiracy.

Smith argues that the intracorporate conspiracy doctrine bars Green's claim for conspiracy. ECF No. 52 at 13-14. "[U]nder the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000). This is because, "under basic agency principles, the acts of a corporation's agents are considered to be those of a single legal actor." *Id.* The doctrine also applies to public entities. *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001). Naturally, since the doctrine necessarily involves only conspirators within one organization, the presence of outside parties prevents its application. *Cf. id.* at 1191 (affirming the application of the intracorporate conspiracy doctrine when "no outsiders are alleged to be involved").

Smith—like the other defendants—is an employee of the Rogers State Prison. 6:14-

5

cv-103-BAE-GRS, ECF No. 1 at 13. But the complaint does not limit its allegation of conspiracy to the defendants: Ricard is also alleged to have been a fellow conspirator. *See id.* at 23. According to the Complaint, Torie Grubbs "conspired with Green's sexual assailant and Hon Doe [sic] to have Green placed in a cell with the person . . . [they] knew would sexually assault Green again." *Id.* Including a non-official in a § 1983 action is permissible, *Motes v. Myers*, 810 F.2d 1055, 1058 (11th Cir. 1987) ("[A] private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment."), but this inclusion means that the intracorporate conspiracy doctrine does not apply. Since Ricard is alleged to have been a member of the conspiracy, dismissal under the intracorporate conspiracy doctrine would be inappropriate at this stage.

Therefore, the Court denies Smith's motion to dismiss Count III.

### C. Qualified Immunity

In addition to opposing the complaint on its face, Smith has raised the affirmative defense of qualified immunity to Green's claims. ECF No. 66-1 at 7. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

"The defense of qualified immunity may be raised and addressed on a motion to dismiss and will be granted if the 'complaint fails to allege the violation of a clearly established constitutional right.'" *Snider v. Jefferson State Cmty. Coll.*, 344 F.3d 1325, 1327 (11th Cir. 2003) (quoting *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001) (quotation omitted)).

> Once the affirmative defense of qualified immunity is advanced . . . [u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.' Absent such allegations, '[i]t is . . . appropriate for a district court to grant the defense of qualified immunity at the motion to dismiss stage.' Thus, if the defendants in this case are entitled to qualified immunity, then their Rule 12(b)(6) motion to dismiss must be granted and the plaintiffs' suit must be dismissed.

*Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003) (alterations in original) (citations omitted). "To receive qualified immunity, a government official first must prove that he was acting within his discretionary authority." *Id.* If this is established, the burden next "shifts to the plaintiff to show that the defendant is not entitled to qualified immunity." *Id.* at 1358.

Determining whether a defendant is entitled to qualified immunity requires a two-step process. First, the court must determine whether the complaint "make[s] out a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Second, "the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* "Defendants are entitled to qualified immunity in a Rule 12(b)(6) motion to dismiss only if the complaint fails to allege facts that would show a violation of a clearly established

6

constitutional right." *Kyle K. v. Chapman*, 208 F.3d 940, 942 (11th Cir. 2000).

Smith asserts that he was acting within his discretionary authority at the time of the assault. ECF No. 66-1 at 7. The Court agrees, since by placing prisoners in cells the defendants were "performing a legitimate job-related function . . . through means that were within [their] power to utilize." *See Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004). Thus, the burden shifts onto Green to, first, make out a violation of a constitutional right and, second, demonstrate that the right was clearly established at the time of the alleged violation. *See Pearson*, 555 U.S. at 232.

Green alleges that Smith violated the Eighth and Fourteenth Amendments to the United States Constitution when he permitted Ricard to be in the cell, even though he knew that Ricard would assault Green. 6:14-cv-103-BAE-GRS, ECF No. 1 at 19. The complaint's allegations therefore satisfy the first step in denying Smith qualified immunity. *See Cotton*, 326 at 1357.

Second, Green has demonstrated that the right of a prisoner to be protected by prison officials from sexual assault by other prisoners is clearly established. To determine whether a right was clearly established, the Court looks to the decisions of the Supreme Court, the Eleventh Circuit, and the Supreme Court of Georgia. *See Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014). The Supreme Court has made clear, in a case involving the sexual assault of a prisoner, that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (alteration in original) (quotation omitted). It is clearly established that "[b]eing violently assaulted in prison" is not a legitimate part of a prisoner's punishment. *See id.* at 834. Thus, when prison officials are deliberately indifferent to violent assaults, they violate a clearly established right.

Green alleges that Smith, while acting within his discretionary authority, violated a clearly established constitutional right. Therefore, given that the Court must take the facts in the complaint as true, Smith is not entitled to qualified immunity at this stage.

### 1. Count II: Supervisory Liability

Green also lists a claim for supervisory liability against Smith. 6:14-cv-103-BAE-GRS, ECF No. 1 at 20. Smith does not seek to dismiss this claim. *See* ECF No. 66-1. Thus, the Court will not address Count II.

### III. TERRY CALHOUN'S AND JERMAINE CALHOUN'S MOTION TO DISMISS

Terry Calhoun and Jermaine Calhoun seek the dismissal only of Count IV, and only on the basis that the complaint fails to state a claim for failure to intervene. ECF No. 70-1 at 2-4.

In Count IV, Green alleges that Terry Calhoun and Jermaine Calhoun are both liable for failing to intervene to stop the assault. 6:14-cv-103-BAE-GRS, ECF No. 1 at 24. Terry Calhoun and Jermaine Calhoun seek the dismissal of Count IV. ECF No. 66-1 at 5. As discussed above, the Eleventh Circuit has not recognized a cause of action

based upon a failure to intervene in these circumstances. Therefore, the Court grants Terry Calhoun's and Jermaine Calhoun's motion to dismiss Count IV.

Terry and Jermaine Calhoun also argue that service was not properly effected upon them, seeking to preserve this issue upon appeal. ECF No. 70-1 at 4. They argue that they did not receive a copy of the summons. However, all the evidence before the Court indicates that they did receive the summons.[2] Both summonses were returned executed and signed by the server. ECF Nos. 64, 65. As discussed above, the Court finds the server's sworn statements sufficient to establish that a summons was executed upon both defendants.

### IV. COOK'S MOTION TO DISMISS

Wayne Cook seeks only the dismissal of Count IV, arguing that the Eleventh Circuit does not recognize a failure to intervene claim under these circumstances. ECF No. 76-1 at 2-3. As set forth in more detail above, the Court agrees. Therefore, the Court grants Cook's motion to dismiss Count IV.

### V. CONCLUSION

In this order, the Court **GRANTED IN PART** Smith's Motion to Dismiss, ECF No. 66. The Court dismissed Count IV. However, the Court also **DENIED IN PART** Smith's Motion to Dismiss, ECF No. 66, with regard to Counts I and III. In addition, Smith did not seek the dismissal of Count II. Therefore, Counts I, II, and III remain.

The Court **GRANTED IN PART** and **DENIED IN PART** Terry Calhoun's and Jermaine Calhoun's Motion to Dismiss, ECF No. 70. The Court also **GRANTED** Cook's Partial Motion to Dismiss, ECF No. 76.

Due to the overlap of motions to dismiss, a short summary is in order.

- Counts I, II, and III remain against all defendants.
- Count IV is dismissed against some defendants. The Court previously dismissed Count IV with regard to Cynthia Calhoun, Jettie Calhoun, Shawn Calhoun, Christopher Gay, Basahan McIntosh, Brad Westberry, John Jordan, Charles Calhoun, and Benjamin Mourad. ECF No. 68 at 9. Here, the Court dismissed Count IV with regard to Mark Smith, Wayne Cook, Terry Calhoun, and Jermaine Calhoun.
- Count IV remains as to defendants Brad Hooks, John Brown, and Torie Grubbs.

This 13th day of February 2015.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Terry Calhoun and Jermaine Calhoun did eventually provide signed copies of these affidavits, attached to a reply brief. However, the Court will not consider these affidavits, in part because they are untimely, *see* LR 7.6, SDGa ("A party intending to file a reply brief *shall immediately so notify the Clerk* and shall serve and file the reply within fourteen (14) calendar days of service of the opposing party's last brief." (emphasis added)), and in part because submission of completely new evidence in reply briefs generally is improper, *see Royal v. New York Life Ins. Co.*, 2015 WL 339781, at *5 (S.D. Ga. Jan. 26, 2015).